OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we elect to render our decision in a full opinion. Defendant James E. Jones, II appeals the February 8, 2000 judgment of the Common Pleas Court of Mercer County sentencing him to three years incarceration with the Department of Rehabilitation and Correction.
On June 17, 1999, defendant was indicted by the Mercer County Grand Jury for one count of Felonious Assault in violation of R.C.2903.11(A)(1), a felony of the second degree. Pursuant to extensive plea negotiations with the State, the charge was amended and the defendant pled nolo contendre to a single count of Attempted Felonious Assault, a felony of the third degree.[1]
In accordance with the plea agreement, the defendant also stipulated to certain facts regarding the incident for which he had been indicted.
 On or about May 23, 1999, Victim Adam Zahn, was present at the "Ranch Tavern," a club located at 2477 Sharpsburg Road, Mercer County, Ohio.
While there, he was accosted by James and Justin Jones.
 They were ejected from the establishment, where James an[d] Justin Jones continued to accost and assault the victim Adam Zahn.
Mr. Zahn did not provoke the altercation.
 During the assault the victim suffered injuries to his upper lip, both eyes, his left ear, his jaw, and various other areas of his head and face. He suffered multiple contusions [,] abrasions, lacerations, and a concussion. He further suffered a perforated left ear drum and a chipped tooth and it is alleged that he suffered from internal derangement of the temporomandibular joint (TMJ) as a result of the assault.
Stipulation of Facts on No Contest Plea, at *1. On January 3, 2000, the trial court accepted the defendant's no contest plea to the amended charge and ordered a presentence investigation. On February 4, 2000, the case proceeded to sentencing. At the sentencing hearing, the court first stated that it had reviewed the presentence investigation report, and noted that based on that report it had made some preliminary conclusions regarding the sentencing factors it was required to consider by R.C.2929.12:
 In [the case] against James Jones, on the issue of seriousness, the court finds that the defendant [sic] suffered serious physical and psychological harm; [and] that the defendant has not been adjudicated delinquent.
Sentencing Hearing Transcript, at *7. After hearing from defense counsel, the defendant, the victim, and the state, the trial court proceeded to pronounce sentence upon the defendant:
 The court has now considered the presentence investigation and made its preliminary findings as to the sentencing factors * * *, and those preliminary findings will remain unchanged as the findings from these proceedings.
This being a felony of the third degree, there is no presumption of whether a term of incarceration in prison should be imposed or should not be imposed, and despite the fact that the incident may be one of many that have occurred as a result of what's been alluded to as a rivalry, which appears to the court to be much more than that, the court has before it only these two cases [upon which] to pronounce sentence.
And the court cannot ignore the fact that the result of the defendants' behavior was to seriously injure somebody and that it was done with intention. This was not a fight. This was an attack, and under the circumstances, based upon all the information the court has before it, the court deems that a prison term is appropriate.
It will be the sentence of the law and judgment of this court that each of the defendants serve a prison term of three years, finding that the minimum term or prison of one year would demean the seriousness of each offender's conduct and will not adequately at the present time protect the public from future crimes by these defendants.
Sentencing Hearing Transcript at * *23-24.
Defendant now appeals, and asserts a single assignment of error with the trial court's judgment:
 The trial court committed an abuse of discretion when it imposed a three year prison term.
Initially, we must note that defendant has misstated the relevant standard of review to be applied in this case. Appellate courts no longer review sentencing decisions for abuse of discretion; instead, the legislature has "provided a mechanism by which appellate courts are to 1) review the propriety of the trial court's sentencing decisions, and 2) substitute our judgment for the trial court's only upon clear and convincing evidence of one of the * * * errors described by R.C. 2953.08(G)." State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported, 1999 WL 455320 at *4.
 The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
* * * *
(d) That the sentence is otherwise contrary to law.
 R.C. 2953.08(G). Construed liberally, defendant's assignment of error asserts that the trial court's sentence is unsupported in the record or "contrary to law." We will therefore review the trial court's sentence for both errors under the correct "clear and convincing" standard. Cf. State v. McLemore (Feb. 2, 2000), Hancock App. No. 5-99-43, unreported, 2000 WL 123792 at * *2-3.
This court has repeatedly recognized that "[t]he sentencing statutes * * * place [a] duty to make the relevant sentencing findings upon the trial court" and that "it is the trial court's findings * * * which, in effect, determine a particular sentence."State v. Martin, unreported at *4; accord State v. McLemore, unreported at *1; State v. Williams (Feb. 9, 2000), Shelby App. No. 17-99-21, unreported, 2000 WL 140836 at *2-5; State v. Wicker
(Aug. 26, 1999), Crawford App. No. 3-99-13, unreported, 1999 WL 693155 at *3-5.
In this case, the defendant pled guilty to Attempted Felonious Assault, a felony of the third degree. Trial courts have significantly more discretion and less statutory guidance when sentencing for most third degree felonies,[2] which are primarily governed by R.C. 2929.13(C):
 Except as provided in division (E) or (F) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.
When sentencing a defendant to a prison term for a third degree felony, trial courts must select a definite term of one, two, three, four, or five years, and in this case the trial court sentenced the defendant to a three year term. See R.C.2929.14(A)(3). Because the trial court chose not to impose a maximum sentence on the defendant, it was not required to make a finding pursuant to R.C. 2929.14(C). Cf. e.g. State v.Martin, unreported at *2. However, because the defendant had not previously served a prison term, the trial court was required to comply with R.C. 2929.14(B):
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
R.C. 2929.14(B) (emphasis added).
Finally, we note that when addressing the seriousness of an offense or the defendant's likelihood of recidivism, trial courts are to use the statutory factors enumerated in R.C. 2929.12. See,e.g., State v. Martin, unreported at *2. Because the trial court was required to determine that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender" in order to sentence defendant to a term greater than one year, see R.C. 2929.14(B), it was required to utilize the factors enumerated in R.C. 2929.12 to make either determination. See id.
In regards to R.C. 2929.12, the trial court specifically noted that the victim suffered serious physical and psychological harm, a factor that indicates that the defendant's conduct was "more serious than conduct normally constituting the offense." R.C.2929.12(B)(2). The trial court also specifically found that the defendant had not previously been adjudicated a delinquent, factor that indicates the defendant is "not likely to commit future crimes." R.C. 2929.12(E)(1).
However, defendant argues that the trial court erred by failing to find two relevant mitigating factors under R.C. 2929.12. Defendant contends that the trial court should also have found that the offense was committed under circumstances not likely to recur, see R.C. 2929.12(E)(4), and also that the defendant has shown genuine remorse for the offense. See R.C. 2929.14(E)(5). Defendant argues that the evidence presented at the sentencing hearing indicated that the attack had occurred as a result of a sports rivalry between Coldwater and St. Henry, and that he had moved away from St. Henry and is therefore no longer involved in the rivalry. Defendant also argues that his testimony at the sentencing hearing establishes that he is genuinely remorseful about the attack. Based on this evidence, the defendant argues he is "not likely to engage in future crimes," see R.C. 2929.12(E), and that the trial court erred when found on the record at the sentencing hearing that "the minimum term * * * will not adequately at the present time protect the public from future crimes." Sentencing Hearing Transcript, at *24; cf. R.C.2929.14(B). We have previously observed:
 [T]he trial court is in the best position to make the fact-intensive determinations required by the sentencing statutes. It is the trial court [that] has the opportunity to observe the demeanor of the defendant, and the trial court who is best able to judge the impact of a particular crime upon its victims and society.
State v. Martin, unreported at *4; accord State v. McLemore, unreported at *3. Additionally, it is the defendant's burden on appeal to show that clear and convincing evidence in the record establishes that the trial court's factual determinations were in error. Cf. id. We do not believe that defendant has met that burden. The evidence adduced at the sentencing hearing fully supports the trial court's decisions on seriousness and recidivism under both R.C. 2929.12 and R.C.2929.14(B), and defendant's bare assertion that he is remorseful and argument that he will not engage in future crimes because he has moved to a new local are unpersuasive at best.
Defendant also argues that although the trial court made the proper findings on the record at the sentencing hearing, it failed to include those findings in its journal entry. Citing the Sixth Appellate District's decision in State v. Evans (May 28, 1999), Sandusky App. No. S-98-035, unreported, 1999 WL 334498 at *6, defendant argues that his case should be reversed on this basis. However, this court has repeatedly rejected the position that sentencing findings must be journalized:
 R.C. 2929.19 mandates that the court make findings supporting its sentence on the record at the sentencing hearing. A mere recitation by the trial court that it has considered the matters required by the sentencing statutes will not suffice.
Although this Court's decision in State v. Lazenby heldthat it was mandatory for the trial court to record itsfactual findings in the judgment entry, R.C. 2929.19requires only that the findings be made at the sentencinghearing. Based on the foregoing analysis, we now believethe "judgment entry" rule proposed in Lazenby presents anunnecessary and unfounded obstacle for sentencing courtsand should be expressly overruled. However, we agree withthe Tenth District that "as an aid to appellate review,the better practice would be for the trial court toanalyze the seriousness of the offense as noted above inthe judgment entry."
E.g. State v. Martin, unreported at *5 (citations omitted; emphasis added). In Martin, we fully considered and rejected the position that a trial court's sentencing hearing findings must be journalized in order to be effective. Defendant's contention is therefore unfounded. For these reasons, defendant's sole assigned error is overruled, and the judgment of the Common Pleas Court of Mercer County is affirmed.
 ___________________________ SHAW, J.
BRYANT and WALTERS, JJ., concur.
[1] The record also indicates that defendant pled to a misdemeanor drug offense in an unrelated case as a result of the same negotiations.
[2] "Unless a mandatory prison sentence is involved, all third degree nondrug felonies * * * are subject to R.C. 2929.13(C). No findings or reasons are required for a sentence governed by R.C.2929.13(C), although findings and reasons may be required under R.C.2929.14 because of the length of the prison sentence." Griffin 
Katz, Ohio Felony Sentencing Law (1999 ed.) 305, Section T 1.23.See also State v. Arnold (June 11, 1999), Lucas App. No.L-98-1222, unreported at *2; State v. Blair (Dec. 27, 1999), Scioto App. Nos. 98CA2588 98CA2599, unreported, 1999 WL 1281506 at *3.